UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER NUNEZ,

                              Plaintiff,

                -against-                                    23-CV-8462 (LTS)

MARK SILBER; ELI SILBER; NICOLE                             ORDER
FRASER; GUTMAN, MINTE, BAKER &
SONNENFELDT, LLC,

                              Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff filed this action *pro se* and *in forma pauperis* (IFP) naming as Defendants:

(1) individuals alleged to have played some role in evicting Plaintiff and his father from a

Manhattan apartment; (2) Plaintiff's father's caseworker; (3) Plaintiff's therapists; and (4) police

officers who allegedly did not investigate Plaintiff's complaints about these events. On October

16, 2023, the Court dismissed the amended complaint without prejudice as duplicative of a

complaint already pending in this court. *Nunez v.* Fraser, ECF 1:23-CV-625 (LTS) (S.D.N.Y. filed

Jan. 22, 2023).

        On October 31, 2023, Plaintiff filed a motion seeking reconsideration of the October 16,

2023 dismissal order, and a motion for an extension of time to file a notice of appeal challenging

the October 16, 2023 dismissal order. (ECF 10, 11.)

## DISCUSSION

### A.    Motion for reconsideration

        A party who moves to alter or amend a judgment Rule 59(e) must demonstrate that the

Court overlooked "controlling law or factual matters" that had been previously put before it.

*R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be

narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters in dismissing this action without prejudice to his substantially similar action.[1] Because Plaintiff does not show any basis for relief, the Court denies Plaintiff's motion under Rule 59(e).

**B.      Motion for an extension of time to file a notice of appeal**

Under Fed. R. App. P. 4(a)(1)(A), a notice of appeal in a civil case must be filed within thirty days after entry of judgment. "[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." *In re WorldCom, Inc.*, 708 F.3d 327, 329 (2d Cir. 2013) (citation and internal quotation marks omitted). Because Plaintiff's motion, filed on October 31, 2023, was filed within thirty days after entry of the October 16, 2023 order dismissing the amended complaint, the motion was timely filed, and a motion for extension of time to appeal is unnecessary. Accordingly, Plaintiff's motion for extension of time to appeal is denied.

---

[1] Plaintiff has filed multiple complaints about these events. After granting Plaintiff notice and an opportunity to respond, the Court barred him, under 28 U.S.C. § 1651, from filing new complaints about these events without prior leave of court. *Nunez v. Silber*, ECF 1:23-CV-625, 20 (LTS) (S.D.N.Y. Oct. 31, 2023), No. 23-7763 (2d Cir. June 24, 2024) (dismissing appeal because it "lacks an arguable basis either in law or in fact.")

**CONCLUSION**

For the reasons set forth in this order, the Court denies the motion for reconsideration. (ECF 10.) The motion for an extension of time to file a notice of appeal is denied as unnecessary. (ECF 11.) The Clerk of Court is directed to terminate both motions (ECF 10, 11.) The Clerk of Court is further directed to: (1) construe the motion for an extension of time to file a notice of appeal (ECF 11) as a notice of appeal; and (2) process the notice of appeal in accordance with the procedures of the Clerk's Office.

This matter is closed. The Clerk of Court is directed to accept no further documents in this action other than those directed to the Court of Appeals.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 9, 2024
         New York, New York

　　　　　　　　　　　　　　　　　　　 /s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　　　　 LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　　　　　 Chief United States District Judge